**B104 (FORM 104) (08/07)**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** <br> Michelle L. Vieira - Chapter 7 Trustee for KNH Aviation services, Inc. d/b/a AvCraft Technical Services | **DEFENDANTS** <br> Regional One, Inc. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Barton Law Firm, PA <br> PO Box 12046, Columbia SC 29211 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☑ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☑ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoidance of Preferential Transfer Pursuant to 11 U.S.C Section 547 (b) and Recovery of Avoided Transfers Pursuant to 11 U.S.C Section 550.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☑ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 9,999.95 |
| Other Relief Sought | |

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>KNH Aviation Services, Inc. d/b/a AvCraft Technical Services | | BANKRUPTCY CASE NO. 15-01641-dd | |
| DISTRICT IN WHICH CASE IS PENDING<br>South Carolina | | DIVISION OFFICE<br>Charleston | NAME OF JUDGE<br>Duncan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Barbara George Barton | | | |
| DATE<br>4/15/16 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Barbara George Barton | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| KNH Aviation Services, Inc. d/b/a ) | Case # 15-01641-dd |
| AvCraft Technical Services, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| Michelle L. Vieira as Chapter 7 Trustee for ) | |
| KNH Aviation Services, Inc. d/b/a AvCraft ) | |
| Technical Services, ) | |
| ) | Adv. Pro. No. 16-80___-dd |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Regional One, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT**

Michelle L. Vieira ("Trustee"), Chapter 7 Trustee for KNH Aviation Services, Inc. d/b/a AvCraft Technical Services ("Debtor") hereby alleges against Regional One, Inc. ("Defendant") the following:

**PARTIES**

1. Trustee is the Chapter 7 Trustee of the Debtor, appointed on March 24, 2015.

2. Upon information and belief, Defendant is a corporation organized under the laws of the state of Florida.

**JURISDICTION**

3. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.

4. On March 24, 2015 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy

Code") in the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Court"), Case No. 15-01641-dd (the "Bankruptcy").

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 157, and Local Civil Rule 83.IX.01 DSC.

6. This is a core proceeding by virtue of 28 U.S.C. § 157(b)(2)(A), (E), (F) and (O).

7. The Bankruptcy Court has the authority to enter a final order in this matter.

8. Trustee consents to the entry of final order or judgment by the Bankruptcy Court.

## BACKGROUND

9. The Debtor began doing business in September 2010, when it acquired the assets of a predecessor company.

10. On or within ninety days before the Petition Date, that is between December 24, 2014 through and including March 24, 2015 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain payees, including Defendant.

11. The Debtor made transfers to the Defendant during the Preference Period in an amount not less than $9,999.95 (the "Transfers").

12. The Debtor was insolvent at all times during the Preference Period within the meaning of the Bankruptcy Code, in that the sum of its debts was greater than the value of its assets.

## FOR A FIRST CAUSE OF ACTION
### (Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547(b))

13. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

14. At the time of the Transfers, Defendant claimed to be a creditor of the Debtor with a right to payment on account of an obligation owed to Defendant by the Debtor.

15. The Transfers were to or for the benefit of the Defendant in that the Transfers either reduced or fully satisfied a debt owed by the Debtor to Defendant.

16. The Transfers were made on account of an antecedent debt because the Transfers were on account of a debt obligation which the Debtor was legally bound to pay before the Transfers were made.

17. The Debtor was insolvent at all times when the Transfers were made in that the value of the Debtor's property was less than the sum of the Debtor's debts.

18. As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtor's case was a case under Chapter 7 of the United States Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its debt under the provisions of the Bankruptcy Code.

19. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## FOR A SECOND CAUSE OF ACTION
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

20. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

21. The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

22. The Defendant was the initial transferee of the Transfers.

23. Pursuant to 11 U.S.C. § 550(a)(1), the Trustee is entitled to recover from the Defendant the Transfers in the total amount of at least $9,999.95.

WHEREFORE, having fully set forth her Complaint, the Trustee prays that the Court issue an Order and Judgment against Defendant in the amount of $9,999.95, and for such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED on this the 15th day of April, 2016, at Columbia, South Carolina.

BARTON LAW FIRM, P.A.

BY:  /s/Barbara George Barton
Barbara George Barton, #1221
Adam J. Floyd, #10749
Attorneys for the Trustee
1715 Pickens Street
P. O. Box 12046
Columbia, South Carolina 29211
Tele: (803) 256-6582
Fax: (803) 779-0267